UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Pok Kong Chun, En Lin, Sui Sing Lee, Tuck Kam Lai,
individually and on behalf of all other employees similarly
situated,

                    Plaintiffs,

              - against -

Kotobuki Management Inc.; Kotobuki Babylon, Inc.;
Kotobuki Restaurant, Inc; Kotobuki Roslyn, Inc. all d/b/a
Kotobuki Restaurant, and Yoshiro Narita

                  Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT**

---

Plaintiffs Pok Kong Chun ("Plaintiff Chun"), En Lin ("Plaintiff Lin"), Sui Sing Lee ("Plaintiff Lee"), Tuck Kam Lai ("Plaintiff Lai") (collectively "Plaintiffs") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Kotobuki Management, Inc. d/b/a Kotobuki Restaurant; Kotobuki Babylon, Inc. d/b/a Kotobuki Restaurant; Kotobuki Restaurant, Inc. d/b/a Kotobuki Restaurant; Kotobuki Roslyn, Inc. d/b/a Kotobuki Restaurant (together "Restaurants"), and Yoshiro Narita (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.    This is an action brought by Plaintiffs on their own behalves and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unlawful retention of tips (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unlawful retention of tips, (4) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (5) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (6) liquidated damages equal to the sum of unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFFS**

7.     Plaintiff Pok Kong Chun is an individual who resides in New York and was employed as a sushi chef by the four Kotobuki Restaurants, from 2007 until the present.

8.     Plaintiff Sui Sing Lee is an individual who resides in New York and was employed as a server and food preparer by Defendants from 2009 to September 16, 2015.

9.     Plaintiff En Lin is an individual who resides in New York and was employed as a sushi chef by Defendants from January 2012 to April 18, 2016.

10.     Plaintiff Tuck Kam Lai is an individual who resides in New York and was employed as a sushi chef by Defendants from 2008 to September 16, 2015.

## **DEFENDANTS**

11.     Upon information and belief, Defendant, Kotobuki Management, Inc. d/b/a Kotobuki Restaurant owns and operates a restaurant in Nassau County located at 3 Russel Rd., Garden City, New York 11530.

12.     Upon information and belief, Defendant, Kotobuki Management, Inc. d/b/a Kotobuki Restaurant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Kotobuki Management, Inc. d/b/a Kotobuki Restaurant purchased and handled goods moved in interstate commerce.

13.     Upon information and belief, Defendant, Kotobuki Babylon, Inc. d/b/a Kotobuki Restaurant owns and operates a restaurant in Suffolk County located at 86 Deer Park Avenue, Babylon, New York, NY 11702.

14.     Upon information and belief, Defendant, Kotobuki Babylon, Inc. d/b/a Kotobuki Restaurant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

Upon information and belief, Kotobuki Babylon, Inc. d/b/a Kotobuki Restaurant purchased and handled goods moved in interstate commerce.

15.     Upon information and belief, Defendant Kotobuki Roslyn, Inc. d/b/a Kotobuki Restaurant owns and operates a restaurant in Nassau County located at 1530-1532 Old northern Blvd., Roslyn, New York, NY 11576.

16.     Upon information and belief, Defendant Kotobuki Roslyn, Inc. d/b/a Kotobuki Restaurant had gross sales in excess in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Kotobuki Roslyn, Inc. d/b/a Kotobuki Restaurant purchased and handled goods moved in interstate commerce.

17.     Upon information and belief, Defendant Kotobuki Restaurant, Inc. d/b/a Kotobuki Restaurant is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 377 Nesconset Hwy, Hauppauge, New York, NY 11788, and is engaged in the restaurant business.

18.     Upon information and belief, Defendant, Kotobuki Restaurant, Inc. d/b/a Kotobuki Restaurant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Kotobuki Restaurant, Inc. d/b/a Kotobuki Restaurant purchased and handled goods moved in interstate commerce.

19.     Upon information and belief, Defendant Yoshihiro Narita is the owner, officer, director and/or managing agent of four Corporate Defendants and participated in the  day-to-day operations of Kotobuki Restaurant and  acted  intentionally and maliciously  and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with all Corporate Defendants.

20.     Upon information and belief, Defendant Yoshihiro Narita owns the stock of all Corporate Defendants and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

21.     At all times relevant herein, all Corporate Defendants were, and continues to be, "enterprises engaged in commerce" within the meaning of FLSA.

22.     At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by all Corporate Defendants.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide them with wage notices at the time of hiring in violation of the NYLL.

24.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.     Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

### Plaintiff Pok Kong Chun

27.     From 2007 until the present, Defendants hired Plaintiff Chun to work as a Sushi Chef for Restaurants.

28.     Throughout Plaintiff Chun's employment, Defendants required Plaintiff Chun to work in all four locations as needed.

29.     From approximately June 12, 2011 until approximately June 30, 2013, Plaintiff Chun worked six days per week on the following schedule: on Tuesdays through Thursdays, Plaintiff Chun worked from 10 am to 10 pm with a two hour break between 2:30pm and 4:30pm, for total of ten (10) hours each day; on Fridays, Plaintiff Chun worked from 10am to 10:30pm with a two hours break between 2:30pm and 4:30pm, for total of ten and half (10.5) hours each day; on Saturdays, Plaintiff Chun worked from 3:00pm to 10:30pm, for total of seven and half (7.5) hours each day; on Sundays, Plaintiff Chun worked from 3:00pm to 9:30pm, for total of six and half (6.5) hours each day. In sum, Plaintiff Chun worked approximately fifty-five and half (55.5) hours per week.

30.     During this period, Plaintiff Chun was paid at a flat weekly rate of $680 regardless of the actual hours he worked.

31.     From approximately July 2013 until approximately September 2015, Plaintiff Chun worked five days per week, taking either Tuesday or Saturday off each week in addition to Monday when Restaurants were closed. Plaintiff Chun worked the same schedule as above. In sum, Plaintiff Chun worked approximately forty-four and half (44.5) hours per week when he took Tuesdays off, and approximately forty-seven (47) hours per week when he took Saturdays off.

32.     During this period, Plaintiff Chun was paid at a flat weekly rate of $580 regardless of the actual hours he worked.

33.     From approximately October 2015 until the present, Plaintiff Chun worked five days per week, taking either Tuesday or Saturday off each week in addition to Monday when Restaurants were closed. Plaintiff Chun worked the same schedule as above. In sum, Plaintiff

Chun worked approximately forty-four and half (44.5) hours per week when he took Tuesdays off, and approximately forty-seven (47) hours per week when he took Saturdays off.

34.     During this period, Plaintiff Chun was paid at a flat weekly rate of $580 regardless of the actual hours he worked.

35.     During all relevant periods above, Plaintiff Chun received tips from the customers.  However, Defendants illegally deducted approximately $80 per week from Plaintiff Chun's tips and distributed the tips to the kitchen staff, who were non-tipped employees.

**Plaintiff En Lin**

36.     From October 2012 to April 18, 2016, Defendants hired Plaintiff Lin as a Sushi Chef for Restaurants.

37.     Throughout Plaintiff Lin's employment, Plaintiff Lin worked in all four locations as needed.

38.     From October 2012 to September 2015, Plaintiff Lin worked six days per week on the following schedule: on Tuesdays through Thursdays, Plaintiff Lin worked from 10 am to 10 pm with a two hour break between 2:30pm and 4:30pm, for total of ten (10) hours each day; on Fridays, Plaintiff Lin worked from 10am to 10:30pm with a two hours break between 2:30pm and 4:30pm, for total of ten and half (10.5) hours each day; on Saturdays, Plaintiff Lin worked from 3:00pm to 10:30pm, for total of seven and half (7.5) hours each day; on Sundays, Plaintiff Lin worked from 3:00pm to 9:30pm, for total of six and half (6.5) hours each day. In sum, Plaintiff Lin worked approximately fifty-five and half (55.5) hours per week.

39.     From October 2015 to approximately April 18, 2016, except for a total about 3 or 4 occasions where Plaintiff Lin worked five days a week, Plaintiff Lin worked six days per week on the same schedule as stated above.

40.     From January 2012 to January 2013, Plaintiff Lin was paid at a flat weekly rate of $650 regardless of the actual hours he worked.

41.     From February 2013 to April 18, 2016, Plaintiff Lin was paid at a flat weekly rate of $750 regardless of the actual hours he worked.

42.     During all relevant periods above, Plaintiff Lin received tips from the customers. However, Defendants illegally deducted approximately $80 per week from Plaintiff Lin's tips and distributed the tips to the kitchen staff, who were non-tipped employees.

**Plaintiff Tuck Kam Lai**

43.     From 2008 to September 16, 2015, Defendants hired Plaintiff Lai as a Sushi Chef for Restaurants.

44.     Throughout his employment, Plaintiff Lai worked in two of Defendants' locations: (1) Kotobuki Babylon located at 86 Deer Park Ave, Babylon, NY 11702; (2) Kotobuki Smithtown located at 377 Nesconset Hwy, Hauppauge, NY 11788.

45.     From 2008 to June 2013, Plaintiff Lai worked six days per week on the following schedule: on Tuesdays through Thursdays, Plaintiff Lai worked from 10 am to 10 pm with a two hour break between 2:30pm and 4:30pm, for total of ten (10) hours each day; on Fridays, Plaintiff Lai worked from 10am to 10:30pm with a two hours break between 2:30pm and 4:30pm, for total of ten and half (10.5) hours each day; on Saturdays, Plaintiff Lai worked from 3:00pm to 10:30pm, for total of seven and half (7.5) hours each day; on Sundays, Plaintiff Lai worked from 3:00pm to 9:30pm, for total of six and half (6.5) hours each day. In sum, Plaintiff Lai worked approximately fifty-five and half (55.5) hours per week.

46.     From July 2013 to September 16, 2015, Plaintiff Lai worked either five days or six days per week. If he works six days per week, Plaintiff Lai follows the same schedule as

above and worked approximately fifty-five and half (55.5) hours per week. If he works five days per week, Plaintiff Lai follows the same schedule as above except that he was off duty on Fridays and worked approximately forty-seven (47) hours per week.

47.     From approximately June 2, 2011 to 2013, Plaintiff Lai was paid at a flat weekly rate of $780 regardless of the actual hours he worked.

48.     From approximately 2014 to September 2015, Plaintiff Lai was paid at a flat weekly rate of $840 regardless of the actual hours he worked.

49.     During all relevant periods above, Plaintiff Lai received tips from the customers. However, Defendants illegally deducted approximately $80 per week from Plaintiff Lai's tips and distributed the tips to the kitchen staff, who were non-tipped employees.

### Plaintiff Sui Sing Lee

50.     From 2009 to September 16, 2015, Defendants hired Plaintiff Lee as a server and food preparer for Restaurants.

51.     Throughout her employment by Defendants, Plaintiff Lee worked approximately fifty-nine (59) hours with a six-day work week on the following schedule: on Tuesdays through Thursdays, Plaintiff Lee worked from 10:00 am to 10:30 pm. On Fridays, her work day starts at 10:00am and ends between 11:30pm and midnight. On Saturdays, Plaintiff Lee worked from 3:00pm to 10:30pm. On Sundays, Plaintiff Lee worked from 3:00pm to 9:30pm. Plaintiff Lee received a one-hour break from 3:30pm to 4:30pm on most of the days and, for one or two days a week, she only received a half-hour break from 4:00pm to 4:30pm.

52.     Plaintiff Lee was paid a flat weekly rate of $45 in cash.

53.     During all relevant periods above, Plaintiff Lee received approximately $700 to $750 weekly tips from the customers.  However, Defendants illegally deducted approximately

$85 per week from Plaintiff Lee's tips, which accounts for about 10% of her total tips, and distributed the tips to other non-tipped employees.

## COLLECTIVE ACTION ALLEGATIONS

54. Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

55. Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

56. Defendants did not provide Plaintiffs with wage notices at the time of their hiring.

57. Defendants did not provide Plaintiffs with paystubs on each payday.

58. Defendants did not utilize any system to record the actual hours that their employees worked until October 2015, when they implemented a time card system.

59. Defendants committed the following alleged acts knowingly, intentionally and willfully.

60. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

61. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

62. Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

63. Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

64.     Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase(s).

65.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs.

66.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

67.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

68.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

69.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are

unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

70.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

71.     This action should be certified as collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

72.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

73. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

74. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

75. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

76.     Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their restaurant location doing business as Kotobuki Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

77.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

78.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

79.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including  but  not  limited to  their  failure  to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each

Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

80.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.   Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage and hour employment litigation cases.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit  a  large  number  of  similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently,  and  without  the unnecessary  duplication  of  efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as  a  class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be

decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

82. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

83. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

## COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

84.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

86.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

87.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

88.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

89.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

90.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

91.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and the FLSA Collective Members at the statutory

minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

### [Violation of New York Labor Law—Minimum Wage

### Brought on behalf of the Plaintiffs and the FLSA Collective]

92.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

95.     Defendants knowingly and willfully violated Plaintiffs' and Collective Action Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III

### [Violation of Fair Labor Standard Act—Overtime Pay

### Brought on behalf of Plaintiffs and the FLSA Collective]

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

98.  The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

99.  Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

100.  At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. § § 201, et seq., including 29 U.S.C. § §207(a)(1) and 215(a).

101.  The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

102.  Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collective's labor.

103.  Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

104.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

105.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

106.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

107.     Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay]**

108.     Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

110.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the NYLL.

111.     Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiffs and the FLSA Collective]**

112.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

113.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

114.     Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

91.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.     Defendants not only did not provide notice to each employee at Time of Hire,

but failed to provide notice to each Plaintiffs even after the fact.

95.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiffs, and did not provide the paystub on or after each Plaintiff' payday.

99.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
### [Violation of the Fair Labor Standards Act — Improper Retention of Tips
### Brought on behalf of Plaintiffs and the FLSA Collective]

100.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.     Plaintiffs bring this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

102.     The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

103.     Upon information and belief, Defendants did not allow Plaintiffs and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiffs and the FLSA Collective.

104.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

105.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

106.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of himself and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IX
### [Violation of New York Labor Law Unlawful —Retention Gratuities Under NYLL]

107.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

108.    At all times relevant to this action, Plaintiffs were employed by some or all of the Defendants within the meaning of NYLL §§ 2 and 651.

109.    NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

110.    Defendants retained part of Plaintiffs' gratuities for unauthorized purpose in violation of NYLL § 196-d.

111.    Defendants' retention of Plaintiffs' gratuities was willful.

112.    Accordingly, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal to one quarter of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

### Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective Plaintiffs, respectfully request that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their

right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against all Corporate Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid overtime wages due under FLSA and New York Labor Law;

i) An award of unpaid "spread of hours" premium due under the New York Labor Law;

j) An award of unlawfully retained gratuities;

k) An award of "spread of hours" premium due under the New York Labor Law;

l) An award of damages for Defendants' failure to provide wage notice at the time of

hiring as required under the New York Labor Law.

m)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

n)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to New York Labor Law;

o)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

p)  The cost and disbursements of this action;

q)  An award of prejudgment and post-judgment fees;

r)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

s)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York, June 23, 2017          HANG & ASSOCIATES, PLLC

 _/s/ Jian Hang
Jian Hang, Esq.
136-18 39th Avenue, Suite 1003
Flushing, New York, 11354
Tel: (718)353-8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT I

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Kotobuki Management, Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc., and Kotobuki Roslyn, Inc. all d/b/a Kotobuki Restaurant, and Yoshihiro Narita, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Chun Pok Kong*

Full Legal Name (Print)

Signature

6/12/2017

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Kotobuki Management, Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc., and Kotobuki Roslyn, Inc. all d/b/a Kotobuki Restaurant, and Yoshihiro Narita, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

EN LIN
Full Legal Name (Print)

Signature

6/19/2017
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Kotobuki Management, Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc., and Kotobuki Roslyn, Inc. all d/b/a Kotobuki Restaurant, and Yoshihiro Narita, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Sui Sing Lee
Full Legal Name (Print)

Signature

06/15/2017
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Kotobuki Management, Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc., and Kotobuki Roslyn, Inc. all d/b/a Kotobuki Restaurant, and Yoshihiro Narita, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

KAI KAM Tuek

Full Legal Name (Print)

Signature

6/15/2017

Date

# EXHIBIT II

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Yoshihiro Narita

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Pok Kong Chun and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Kotobuki Management Inc.; Kotobuki Babylon, Inc.; Kotobuki Restaurant, Inc; Kotobuki Roslyn, Inc. all d/b/a Kotobuki Restaurant, for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: June 23, 2017