UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
POK KONG CHUN, EN LIN, SUI SING
LEE, TUCK KAM LAI Individually and on
behalf of all other employees similarly situated,

                              Plaintiffs,

          -against-

KOTOBUKI MANAGEMENT INC.,
KOTBUKI BABYLON, INC.,
KOTOBUKI RESTAURANT, INC.,
KOTOBUKI ROSLYN, INC., all d/b/a
KOTOBUKI RESTAURANT, and
YOSHIRO NARITA,

                              Defendants.
-------------------------------------------------------------------x

Case No.: 17-CV-03802

## SETTLEMENT AGREEMENT AND RELEASE

      This Settlement Agreement and Release (the "Agreement") is entered into by and between plaintiffs, Pok Kong Chun, En Lin, Sui Sing Lee and Tuck Kam Lai (collectively the "Plaintiffs"), and defendants, Kotobuki Management Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc., Kotobuki Roslyn, Inc., all d/b/a Kotobuki Restaurant and Yoshiro Narita (each a "Defendant" and collectively "Defendants" and, together with the Plaintiffs the "Parties").

### *RECITALS AND BACKGROUND*

      WHEREAS, the Plaintiffs filed a Class & Collective Action Complaint on June 23, 2017, in which claims were asserted against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL") for, *inter alia*, the alleged failure to pay employees minimum wages, overtime compensation, all of the tips to which they were entitled and damages for failure to provide accurate wage notices or wage statements;

      WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as defined below in Section 1.14) between the Parties, including all claims asserted or alleged in *Chun, et al. v. Kotobuki management Inc., et al.*, Eastern District of New York, Case No.: 17-CV-03802 (the "Litigation");

      WHEREAS, Defendants deny all of the allegations made by the Plaintiffs in the Litigation and deny any and all liability and damages to anyone with respect to the alleged facts or claims asserted in the Litigation;

      WHEREAS, the Parties have exchanged certain discovery relevant to the Litigation;

WHEREAS, without admitting or conceding any liability or damages whatsoever, and without admitting that wages were improperly calculated, withheld, or paid with respect to any employees or that tips were not properly paid to employees, and without admitting any allegations or claims made by or on behalf of Plaintiffs in the Litigation, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation; and,

WHEREAS, Plaintiffs' Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on the Plaintiffs and, based upon an analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery or a recovery that is less favorable to the Plaintiffs and that might not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of Plaintiffs.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.  *DEFINITIONS*

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1   **Agreement.** "Agreement" means this Settlement Agreement and Release.

1.2   **Collective/Class Action Waiver.** "Collective/Class Action Waiver" for the Plaintiffs means if any claim is not part of the Released Claims (defined in Section 1.14 below), to the extent permitted by law, the Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action, grievance or proceeding based on such a claim in which Defendants or any Releasee identified in the Agreement is a party and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment.

1.3   **Court.** "Court" means the United States District Court for the Eastern District of New York, the Honorable Robert M. Levy, U.S.M.J., presiding.

1.4   **Days.** "Days" means consecutive calendar days.

1.5   **Defendants' Counsel.** "Defendants' Counsel" refers to Douglas E. Rowe, Esq. of Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, (516) 296-7000.

1.6   **Effective Date.** "Effective Date" of the Settlement means the first day after the Court has entered an Approval Order approving this Agreement and so Orders the Stipulation of Dismissal with Prejudice (Exhibit B).

1.7 **Employer Payroll Taxes.** "Employer Payroll Taxes" means all taxes and withholdings, including FICA, FUTA, and SUTA obligations, that are required to be paid or withheld arising out of or based upon the payment of employment compensation to Settling Plaintiffs in this Litigation under the terms of this Agreement, and which will be deducted and paid from the Net Settlement before Settlement Checks are distributed to Settling Plaintiffs.

1.8 **Approval Order.** "Approval Order" means an Order entered by the Court approving this Agreement.

1.9 **Litigation.** "Litigation" means the above-captioned civil action.

1.10 **Plaintiffs.** "Plaintiffs" means Pok Kong Chun, En Lin, Sui Sing Lee and Tuck Kam Lai.

1.11 **Net Settlement.** "Net Settlement" means the balance of the Settlement Amount (as defined below in Section 1.16) remaining after deductions for Court-approved attorneys' fees and costs and expenses for Plaintiffs' Counsel as set forth below in Section 3.3.

1.12 **Plaintiffs' Counsel.** "Plaintiffs' Counsel" refers to Jian Hang, Esq. of Hang & Associates, PLLC, 136-18 39th Ave., Suite 1003, Flushing, NY 11354, (718) 353-8588.

1.13 **Released Claims.** "Released Claims" for the Plaintiffs means any and all claims asserted (or that could have been asserted) under federal, state or local law on behalf of that Plaintiff that arose any time during the period of time from the first date that such individual worked for any Defendant through the date of this Agreement, that relate to or otherwise concern compensation, minimum wages, overtime, spread-of-hours, unpaid tips, wage statement or wage notice including all such claims under the Fair Labor Standards Act, New York Labor Law, and any other federal, state or local law or common law or equitable principles directly or indirectly relating to failure to compensate or pay wages, overtime wages, minimum wages, or spread-of-hours pay, tips, wage notice, wage statement, liquidated damages, interest, penalties, and attorneys' fees and costs or expenses of any nature related to such claims for periods of time in which the Plaintiffs worked for any Defendant.

1.14 **Relevant Statutory Period.** The "Relevant Statutory Period" means the period from June 23, 2011 through the date of this Agreement.

1.15 **Settlement.** "Settlement" means the terms set forth in this Agreement.

1. **Settlement Amount.** "Settlement Amount" means the gross sum of Three Hundred Fifty Thousand Dollars ($350,000.00), which Defendants agree to pay for the Settlement of the Litigation, subject to the terms of this Agreement, as follows:
   - $150,000 initial payment due May 16, 2018 to be held in escrow by Plaintiffs' attorneys pending Court approved settlement ("Initial Payment"); and,
   - $8,000 per month for a period of 25 months commencing on the 1st of each month after Court approval of the settlement (respectively referred to as "Installment Payments 1 through 25").

**1.16** **Settlement Check(s).** "Settlement Check(s)" means check(s) issued by the Defendants to each Plaintiff for his/her share of the Net Settlement Fund as allocated pursuant to the Settlement allocation agreed to by the Parties.

## 2. *INITIAL PROCEDURAL ISSUES*

**2.1** **Binding and Irrevocable Agreement.** This Agreement is a binding and irrevocable agreement and contains all material agreed-upon terms for the Parties to seek the full and final settlement of the Litigation.

**2.2** **Settlement Approval Motion.**

(A) Plaintiffs' Counsel will promptly submit to Defendants' Counsel for the latter's comment and approval a proposed Motion for Settlement Approval ("Approval Motion"). Plaintiffs' Counsel will allow Defendants an opportunity to review the terms of the proposed Approval Motion. Defendants' Counsel will review these documents to ensure that they are consistent with this Agreement and the intended Settlement, and if they are not, Plaintiffs' Counsel will revise them as reasonably requested by Defendants' Counsel to make them consistent, and the Approval Motion shall be filed Jointly by the Parties.

(B) In the Approval Motion, Plaintiffs' Counsel will request the Court (1) approve the Settlement as fair, adequate and reasonable; (2) award Plaintiffs' Counsel fees and costs and expenses; and (3) So Order the Stipulation of Dismissal with Prejudice (Exhibit B).

(C) If the Court denies the Approval Motion, unless the Parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted or reached. In such event, Defendants retain the right to contest any allegation of fact or claim of any nature made in the Litigation at any time, including but not limited to whether the Litigation should be maintained as a class action and/or a collective action and to fully contest the merits of the claims being asserted in the Litigation.

(D) The Parties will work together, diligently and in good faith, seeking to expeditiously obtain Approval of the Motion for Settlement and Dismissal of the Litigation with prejudice.

**2.3** **Releases and Consents to Join.**

(A) The Plaintiffs' Counsel will distribute the Settlement Checks to the Plaintiffs in accordance with the Schedule attached hereto as Exhibit "A".

(B) Settlement Checks will be subject to each Plaintiffs' execution of this Agreement.

## 3. *SETTLEMENT TERMS*

### 3.1 Settlement Amount.

(A) Subject to the terms of this Agreement, Defendants jointly and severally agree to pay a gross total Settlement Amount of Three Hundred Fifty Thousand Dollars ($350,000.00), inclusive of any applicable Employer Taxes required to be paid and/or withheld in connection with the Settlement as follows:

- $150,000 Initial Payment due May 16, 2018 to be held in escrow by Plaintiffs' attorneys pending Court approved settlement

- $8,000 Installment Payment for a period of 25 months commencing on the 1st of each month after Court approval of the Settlement.

(B) In the event that Defendants sell or transfer ownership of Kotobuki Management Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc. and/or Kotobuki Roslyn, Inc., the remainder of all Settlement payments owed in this Agreement shall be accelerated and be delivered to Plaintiffs' Counsel thirty (30) days after the sale or transfer of same.

### 3.2 Affidavit of Confession of Judgment & Default

(A) Prior to the filing of the Approval Motion with the Court, Defendant Yoshiro Narita shall execute an affidavit of Confession of Judgment on behalf of himself and Defendant Kotobuki Management Inc., Kotobuki Babylon, Inc., Kotobuki Restaurant, Inc. and/or Kotobuki Roslyn, Inc., for the total amount of Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00), less any payments made by Defendants pursuant to this Agreement, in the form attached hereto as Exhibit C. Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiffs' Counsel with said executed Affidavit of Confession of Judgment bearing original signature, which shall be held in escrow by Plaintiffs' Counsel.

(B) In the event Defendants are in default of any of the payments required under Section 3.1 of this Agreement, Plaintiffs' Counsel shall provide written notice via email to Defendants' counsel of their intent to file the Affidavits of Confession of Judgment. Defendants will have ten (10) calendar days to remedy their default before Plaintiffs file the Affidavit of Confession of Judgment. Upon complete satisfaction of all payments set forth in Section 3.1 of this Agreement, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiffs' Counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel, and retain no copies of same.

3.3 **Settlement Amounts Payable as Attorneys' Fees and Costs.**

    (A)    Plaintiffs' Counsel will petition the Court for an award of attorneys' fees of no more than thirty-three and 1/3 percent (33 1/3%) of the Settlement Amount, and for reimbursement of their actual litigation costs and expenses up to One Hundred Seventeen Thousand Four Hundred Dollars (117,400.00) to be paid from the Settlement Amount of $350,000, representing $1,100 of filing fees, process of service fees and mediation costs, and $116,300, 1/3 of $348,900 ($350,000-$1,100) of damages recovered, of attorneys' fees. Defendants will not oppose Plaintiffs' Counsel's application for attorneys' fees and costs.

    (B)    The substance of Plaintiffs' Counsel's application for attorneys' fees and costs and expenses is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement of the Litigation. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs and expenses shall not terminate this Agreement or affect its enforceability, or otherwise affect the Court's ruling on the Approval Motion.

3.4 **Allocation to Settling Plaintiffs.**

    (A)    The allocation to Plaintiffs for Settlement Checks will be made from the Settlement Amount after deductions for Court-approved attorneys' fees and costs and expenses for Plaintiffs' Counsel and all other amounts provided in this Agreement.

    (B)    A Plaintiff's allocation of the Net Settlement Fund will be determined by multiplying the Net Settlement Fund by his *pro-rata* share of Plaintiffs' Counsel's estimated best case scenario of the claims.

    (C)    <u>Wage Allocation and Tax Characterization</u>. Settlement Checks paid to each Plaintiff will be allocated fifty percent (50%) to IRS Form W-2 wage payments to compensate for alleged unpaid wages and fifty percent (50%) to IRS Form 1099 payments as liquidated damages and interest. The amount of each Settlement Check to each Plaintiff shall be the net amount of the Settlement allocation for each such Plaintiff after reduction by: (i) the sum of Employer Payroll Taxes applicable to such Plaintiff and (ii) deductions and withholdings applicable to such Plaintiff, which amounts shall be deducted and paid from the Net Settlement Fund before Settlement Checks are drawn and distributed to Plaintiffs. <u>Plaintiffs will each provide Defendants a fully completed IRS Form W-4 to facilitate the IRS Form W-2 wage payments.</u>

4. **RELEASE**

4.1 **Release of Claims.**

    (A)    By operation of the entry of an Order approving the this Agreement and Stipulation of Dismissal with Prejudice, and except as to such rights or claims as

may be created by this Agreement, each individual Plaintiff, forever and fully releases all Defendants, the respective owners, members, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators of any of them, and all persons acting by, through, under or in concert with any of them from the Released Claims, as defined in Section 1.14 of this Agreement.

13 *(RML)*

(B) Except as otherwise expressly provided in this Agreement, Plaintiffs, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees or costs or expenses associated with Plaintiffs' Counsel, or any other attorney's, representation of any of the individuals in this Litigation. Plaintiffs' Counsel further understands and agrees that any fee payments and cost and expense reimbursement, if any, payable to Plaintiffs' Counsel approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with Plaintiffs' Counsel's representation of the Plaintiffs in the Litigation.

**4.2  Denial of Liability.**

Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that this Settlement will avoid the further expense and disruption of their business that could arise from the continued pendency of the Litigation. Nothing in this Agreement shall be deemed or used as an admission of liability or fact by Defendants, or as an admission that a class or collective action should be certified for any purpose other than Settlement purposes.

**4.3  Mutual Non-Disparagement**

*(RML)* [handwritten margin note: The parties agree that this provision shall not prevent plaintiffs from making truthful statements about the allegations in this lawsuit and their experience litigating this case.]

Each Plaintiff agrees that he or she shall not make, or encourage any other individual to make, any public or private "disparaging" comments, including but not limited to written, verbal, or electric communications, about any of the Defendants to any individual or entity and/or to take any action, directly or indirectly, that would "disparage" any of the Defendants.

Defendants agree not to make any disparaging comments about Plaintiffs and to instruct their managerial employees not to make any disparaging comments about Plaintiffs.

**5.  *INTERPRETATION AND ENFORCEMENT***

**5.1  Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2 **No Assignment.** Plaintiffs' Counsel and Plaintiffs, for themselves, represent and warrant that none of them have assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion or interest therein that was asserted or could have been asserted in the Litigation against any of the Defendants, including, but not limited to, any interest in the Litigation, or any action, proceeding, charge or complaint related to the claims that were asserted or that could have been asserted in the Litigation.

5.3 **Breach.** The Parties agree that in any action resulting from a breach of this Agreement by either party, if it is determined by a court of competent jurisdiction that either party breach this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any damages which may be awarded in connection with said breach.

5.4 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties concerning matters within the scope of the Settlement and the Released Claims shall be deemed merged into this Agreement.

5.5 **Binding Effect.** This Agreement shall be binding upon the Parties, including without limitation upon the Settling Plaintiffs, and each of their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, successors and assigns.

5.6 **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.7 **Captions.** The captions or headings of the Sections of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.8 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each of the Parties participated jointly in the drafting of this Agreement and the terms and conditions of this Agreement are not intended to be, and shall not be, construed for or against any party hereto by virtue of draftsmanship.

5.9 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10 **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby. The Court shall not have jurisdiction or authority to modify the

terms of the Agreement or to increase payment obligations hereunder of any Defendant separately, or jointly, individually or collectively.

5.11 **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent expressly set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution, as set forth in Section 5.13. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument. This provision shall not modify in any respect the meaning of the term "Effective Date" in Section 1.6.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

5.13   Execution.   This Agreement is valid and binding once executed by an authorized representative of each Defendant and by each Plaintiff. Execution shall be effective by the signatory signing on the designated signature block below and the signatory's counsel transmitting that signature page via facsimile or email to counsel for the other Parties. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email to counsel for the other Parties. Photocopied, electronic signatures via DocUSign, and or facsimile signatures shall be deemed originals for all purposes

WE AGREE TO THESE TERMS,
For Plaintiffs:

_____   7/16/18
Pok Kong Chun                      Dated

_____   7/16/18
En Lin                                      Dated

_____   7/16/18
Sai Sing Lee                           Dated

_____   7/16/18
Fuck Kam Lai                        Dated

For Defendants:

_____   7/27/18
Kotobuki Management, Inc.   Dated

_____   7/27/18
Kotobuki Babylon, Inc.          Dated

_____   7/27/18
Kotobuki Restaurant, Inc.      Dated

_____   7/27/18
Kotobuki Roslyn, Inc.            Dated

_____   7/27/18
Yoshiro Narita                      Dated

**EXHIBIT A**

| Plaintiff | Totals | 1st Payment Via 1099 to Plaintiffs | Payments 2-4 Via 1099 to Plaintiffs | Payments 5-26 Via W2 to Plaintiffs |
|---|---|---|---|---|
| | $350,000 | $150,000 | $8,000 | $8,000 |
| HANG & ASSOCIATES, PLLC | $117,400 via 1099 | $50,314.29 via 1099 | $2,683.43 via 1099 | $2,683.43 via 1099 |
| Pok Kong Chun | $56,837.73 | $24,359.03 | $1,299.15 | $1,299.15 |
| En Lin | $47,154.69 | $20,209.15 | $1,077.82 | $1,077.82 |
| Sui Sing Lee | $56,776.87 | $24,332.95 | $1,297.76 | $1,297.76 |
| Tuck Kam Lai | $71,830.71 | $30,784.59 | $1,641.84 | $1,641.84 |
| | | | | |
| | | | | |

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

POK KONG CHUN, EN LIN, SUI SING LEE, TUCK KAM LAI Individually and on behalf of all other employees similarly situated,

                    Plaintiffs,

        -against-

KOTOBUKI MANAGEMENT INC.,
KOTBUKI BABYLON, INC.,
KOTOBUKI RESTAURANT, INC.,
KOTOBUKI ROSLYN, INC., all d/b/a
KOTOBUKI RESTAURANT, and
YOSHIRO NARITA,

                    Defendants.

-------------------------------------------------------------------x

Case No.: 17-CV-03802

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further than Plaintiffs is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiffs' Complaint.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

_____July_____, 2018                    _____August 2_____, 2018

HANG & ASSOCIATES, PLLC                     CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____/s/ Jian Hang_____                 By: _____/s/ Douglas Rowe_____
      Jian Hang, Esq.                             Douglas E. Rowe, Esq.
136-18 39th Ave., Suite 1003                90 Merrick Avenue, 9th Floor
Flushing, NY 11354                          East Meadow, New York 11554
(718) 353-8588                              (516) 296-7000
jhang@hanglaw.com                           drowe@certilmanbalin.com
*Attorneys for Plaintiffs*                  *Attorneys for Defendants*

SO ORDERED:

_____
U.S.M.J.

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
POK KONG CHUN, EN LIN, SUI SING
LEE, TUCK KAM LAI Individually and on
behalf of all other employees similarly situated,
                       Plaintiffs,
       -against-
KOTOBUKI MANAGEMENT INC.,
KOTOBUKI BABYLON, INC.,
KOTOBUKI RESTAURANT, INC.,
KOTOBUKI ROSLYN, INC., all d/b/a
KOTOBUKI RESTAURANT, and
YOSHIRO NARITA,
                       Defendants.
-----------------------------------------------------------------x

Case No.: 17-CV-03802

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK      )
                                 ) ss.:
COUNTY OF _____  )

       Yoshiro Narita, being duly sworn, deposes and says:

       1.     I am a Defendant in the above-entitled action and am the principal of Defendants Kotobuki Management Inc., Kotobuki Babylon, Inc. and Kotobuki Restaurant, Inc. all d/b/a Kotobuki Restaurant (the "Corporate Defendants"). I reside at _____.

       2.     I am duly authorized to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me and the Corporate Defendant in the above-captioned action.

       3.     This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed is justly due is set forth below.

       4.     In or around March 2018, Defendants agreed to pay the total sum of Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00) in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement Agreement and Release (the "Agreement"), attached hereto as Exhibit A.

5.   Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00) in twenty-six (26) installments. Specifically,

- $150,000 Initial Payment due May 16, 2018 to be held in escrow by Plaintiffs' attorneys pending Court approved settlement

- $8,000 Installment Payment for a period of 25 months commencing on the 1st of each month after Court approval of the Settlement.

6.   Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendants in the amount of Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00), less any payments made by Defendants under said Agreement.

7.   Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiffs shall provide notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have ten (10) calendar days to remedy their default.

8.   Accordingly, if Defendants do not remedy their default within ten (10) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00), less any payments made by Defendants under said Agreement, against myself and the Corporate Defendants, jointly and severally.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: _____, New York
_____, 2018

Yoshiro Narita

STATE OF NEW YORK  )
                   ) S.S.
COUNTY OF Nassau   )

On 7/27/, 2018, before me personally came Yoshiro Narita, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

DOUGLAS E. ROWE
Notary Public, State Of New York
No. 4762050
Qualified In Nassau County
Commission Expires August 31, 20**22**

Kotobuki Restaurant
By: _____
Title: _____

STATE OF NEW YORK  )
                   ) S.S.
COUNTY OF Nassau   )

On 7/27/, 2018, before me personally came Yoshiro Narita, and acknowledged himself to be an officer of Kotobuki Management Inc., Kotobuki Babylon, Inc. and Kotobuki Restaurant, Inc. all d/b/a Kotobuki Restaurant, and that he, as such, being authorized so to do, executed the foregoing Affidavit for Confession of Judgment for the purposes therein contained, by signing his name for Kotobuki Restaurant.

_____
NOTARY PUBLIC

DOUGLAS E. ROWE
Notary Public, State Of New York
No. 4762050
Qualified In Nassau County
Commission Expires August 31, 20**22**